PER CURIAM.
After a nine day non-jury trial concerning claims by beneficiaries of maladministration on the part of the personal representative, the trial court entered an extensive order finding in favor of the personal representative on all issues raised. We conclude that the trial court’s order should be affirmed.
We have reviewed the testimony, which is sharply disputed as to the various transactions involved in the estate. Moreover, the personal representative put on expert testimony that her administration of the estate did not fall below the standard of care for a fiduciary, while the beneficiaries had their own expert who said that it did.
The trial court found that the personal representative’s conduct did not demonstrate “bad faith, self-dealing, conflicts of interest, or breach of fiduciary duty....” The will of the decedent had given the personal representative “absolute discretion” to distribute the decedent’s property and “to compromise or abandon any claims in favor of or against the estate.” The court concluded that the *418 objections were as to matters which were judgment calls for the personal representative.
Despite the appellants’ contentions to the contrary, we cannot conclude that the findings of fact made by the trial court were clearly erroneous or without any evidentiary support. See Oceanic Int'l Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981). We therefore affirm the final judgment.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.